UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ROBERTO DUARTE BRAZ,<br><br>Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>Defendant. | Case No. 18-cv-06162-JST<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF No. 18 |

Before the Court is Defendant Delta Air Lines, Inc.'s motion to dismiss. ECF No. 18. The Court will grant the motion.

## I. BACKGROUND

Plaintiff Jorge Roberto Duarte Braz brings this action against Defendant Delta Air Lines, Inc., his former employer. He originally filed a complaint in state court on August 28, 2018. ECF No. 1-1 at 3. Delta removed the case to this Court and filed a motion to dismiss. ECF Nos. 1, 13. Braz subsequently filed an amended complaint, which alleges the following:

Braz worked for Delta from June or July 2014 to February 4, 2015. ECF No. 16 at 19 ("I . . . was hired by Delta Airlines [in] June 2014."); *id.* at 30 ("On or about July 31, 2014, I was hired by Respondent as a Customer Service Agent."); *id.* at 37 (resignation email dated February 4, 2015). He was fifty-five years old when he started. *Id.* at 19.

On May 19, 2015, he submitted a discrimination charge, based on retaliation, age, and disability, to the California Department of Fair Employment and Housing ("DFEH") and the Equal Employment Opportunity Commission ("EEOC"), which contended the following:

> In or about August 2014, I complained about a co-worker's treatment of me to Honora Prell, Performance Leader/Hiring Manager. In or about August 2014, that co-worker was transferred

> to the night shift. Throughout employment with Respondent, I complained to many supervisors about the incompetency of other supervisors. On or about February 4, 2015, I was constructively discharged because of the hostile work environment that I was subjected to in the workplace. On the same day I informed Ms. Prell about my disability, but she told me that she did not want to see my doctor's note.
>
> I believe I have been discriminated against because of my Age (56), in violation of Age Discrimination in Employment Act of 1967 [("ADEA")], as amended. I also believe that I have [been] retaliated against for engaging in protected activity of the Statute. I further believe that I have been discriminated against and retaliated against for engaging in protected activity in violation of the Americans with Disabilities Act of 1990 [("ADA")], as amended.

*Id.* at 30. His charge did not assert discrimination based on sex. *Id.*

The EEOC issued a right-to-sue notice to Braz on June 4, 2015. *Id.* at 34. That notice explained that any lawsuit under Title VII, the ADEA, or the ADA had to be filed within ninety days of receipt of the notice. *Id.* Braz alleges that he received the notice "on or about 06/04/2015." *Id.* at 4. Braz also received a June 2, 2015 right-to-sue notice from the DFEH, explaining that a civil action under the Fair Employment and Housing Act ("FEHA") "must be brought within one year from the date of this notice" but that "this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint." *Id.* at 33.

Braz states in his opposition to Delta's motion to dismiss that:

> As for Age Discrimination, Retaliation and disability, EEOC has filed the Charge of Discrimination against Delta Airlines Inc. on March 5th, 2018, where I attached copies on Exhibit 1, on my First Amended Complaint, I signed and dated in front of EEOC Investigator, Malihe S. Kigasari. With respect to this conversation with EEOC Investigator, she guaranteed me, EEOC would personally communicate the Charge of Discrimination with Delta Airlines Inc., and that Delta Airlines had to get back to me, with some answer to the matter.

ECF No. 20 at 4. However, nothing in Exhibit 1 to the FAC is dated March 5, 2018. All documents in Exhibit 1 are dated in 2015. *See* ECF No. 16 at 30-35.

Braz alleges that he "sent a Letter to the Director of the EEOC, asking him [please to] open the Case. Sometime nearly the end of 2017. He replied saying that [the case] was no longer with EEOC grounds; therefore, the Director considered the case closed." *Id.*

Braz does not use the words "equitable tolling" in his complaint, but he does allege that he

"was incapacitated emotionally, unemployed, going through treatment for Neck, Arms, Back and Stomach condition; in hardship to end's meet [sic], and no longer found an Attorney to represent me neither I was able due to very difficult times." *Id.* at 28.

Braz's complaint asserts discrimination and hostile work environment claims under the ADEA. *Id.* at 3, 5-8. It also asserts a whistleblower retaliation claim under California Labor Code section 1102.5. *Id.* at 15-16. Although the box for Title VII claims is not checked and the FAC includes only the pre-printed form language for claims based on alleged sex discrimination, Braz elsewhere appears to allege that he was discriminated against based on his sexual orientation. *Id.* at 3, 10-14, 21, 26. The FAC does not assert any claims under the ADA or otherwise allege that Braz was discriminated against based on a disability.

Delta moves to dismiss all claims in the complaint as time-barred. ECF No. 18. It also contends that Braz failed to exhaust administrative remedies as to claims based on sex discrimination, and that all of his claims should be dismissed because they do not satisfy federal pleading standards.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable"

to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Courts "construe pro se complaints liberally, especially in civil rights cases." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014). "However, a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Id.* (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quotation marks and brackets omitted)).

## III. DISCUSSION

### A. Timeliness

Braz's claims are not timely. First, the EEOC issued a right-to-sue notice on June 4, 2015, and Braz alleges that he received the notice "on or about" that date. ECF No. 16 at 4, 34. Braz had ninety days thereafter to file a lawsuit under Title VII and the ADEA. 42 U.S.C. § 2000e-5 (Title VII); 29 U.S.C. § 626(e) (ADEA). He did not do so until August 28, 2018, over three years later. His Title VII and ADEA claims are therefore untimely.[1] ECF No. 1-1 at 3.

Second, Braz's complaint does not specify whether his discrimination claims are brought under federal or state law. Assuming Braz intended to bring state law claims under the FEHA, those claims had to have been filed within one year of the DFEH's June 2, 2015 notice. Cal. Gov't Code § 12965(b), (d). That period expired more than two years before Braz filed his original complaint. Thus, to the extent the FAC asserts any FEHA claims, those claims are also untimely.

Finally, a retaliation claim under California Labor Code section 1102.5 generally "must be brought within three years." *Minor v. Fedex Office & Print Servs., Inc.*, 182 F. Supp. 3d 966, 988 (N.D. Cal. 2016). "However, if the suit seeks the civil penalty provided in § 1102.5(f), the claim

---

[1] Braz's alleged 2017 correspondence with the EEOC, *see* ECF No. 16 at 4, is of no legal significance. In addition, the ninety-day period begins to run on "the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007). There is a rebuttable presumption that the letter was received three days after its issuance date. *Id.* at 1125-26. In this case, the exact date of receipt is unimportant because Braz did not file his complaint until over three years after the date of the right-to-sue notice – well beyond the permissible ninety days.

4

is subject to a one-year limitations period." *Id.* The "latest date" on which a section 1102.5 claim can accrue is the date of the plaintiff's termination. *Id.* at 989. Braz alleges that his employment with Delta ended on February 4, 2015. ECF No. 16 at 30. Thus, assuming the more generous three-year statute of limitations, he had until February 4, 2018 to file a claim. His August 28, 2018 complaint was therefore untimely.[2]

In his opposition, Braz argues that a four-year statute of limitations period should apply to his claims. ECF No. 20 at 2. However, the case on which he relies applied the four-year catchall statute of limitations in 28 U.S.C. § 1658 to certain federal claims brought under 42 U.S.C. § 1981. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382-83 (2004). Section 1658 does not apply to claims under state law, and Braz does not allege any claims under § 1981. In addition, the four-year statute of limitation applies only "if the plaintiff's claim against the defendant was made possible by a post-1990 enactment," *Jones*, 541 U.S. at 382, and "[e]xcept as otherwise provided by law," 28 U.S.C. § 1658(a). Braz has not presented any argument that any of his federal claims satisfy these conditions. To the contrary, as discussed above, Title VII and the ADEA both specify a shorter statute of limitations.

### B. Equitable Tolling

"The ninety-day period within which to file a civil action after dismissal of the charge by the EEOC is a statute of limitations subject to the doctrine of equitable tolling." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997). But equitable tolling is "to be applied only sparingly, and courts have been generally unforgiving when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights." *Id.* (citations, quotation marks, and alterations omitted). "[T]he Supreme Court has allowed equitable tolling when the statute of limitations was not complied with because of defective pleadings, when a claimant was tricked by an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period

---

[2] Delta argues that Braz "did not attempt to assert . . . a claim [under section 1102.5] until he filed the FAC on October 29, 2018." ECF No. 18 at 19. However, the original complaint also asserted a claim for retaliation. ECF No. 1-1 at 5. Although it is not clear whether that claim should be construed as a whistleblower retaliation claim under section 1102.5 or only as a retaliation claim based on age or disability, the Court need not decide that question because even the original complaint was untimely.

5

was clearly inadequate." *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th Cir. 1992).

Braz alleges none of these circumstances. Instead, the FAC contains a conclusory allegation that Braz "was incapacitated emotionally, unemployed, going through treatment for Neck, Arms, Back and Stomach condition," unrepresented by an attorney, and "in hardship to [make ends] meet." ECF No. 16 at 27-28. Braz's pro se status does not provide grounds for equitable tolling. *Payan*, 495 F.3d at 1127. Nor is the Court aware of any authority that financial hardship, unemployment, or conclusory statements concerning medical treatment warrant equitable tolling, particularly over the long period of time at issue in this case. As to being "incapacitated emotionally," Braz has pleaded no facts "demonstrating the type of utter incompetence that gives rise to incapacitation-based tolling." *Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 WL 993448, at *12 (N.D. Cal. Mar. 4, 2015). "The threshold for incapacitation . . . requires a showing that the plaintiff 'was completely psychiatrically disabled during the relevant limitation period'" – i.e., that the plaintiff "was so mentally incompetent that [he or] she was unable to comply with [his or] her legal rights." *Id.* (quoting *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)). Here, Braz has alleged that he was able to file a timely charge with the EEOC several months after his employment at Delta ended. ECF No. 16 at 4. He also alleges that he was subsequently able to obtain employment with Swissport USA, Uber, and United Airlines. *Id.* at 26-27. These allegations do not support a conclusion that Braz was unable to file a timely complaint.

The parties' briefs only address equitable tolling under federal law. Under state law, "[e]quitable tolling allows a plaintiff who has a choice of legal remedies to pursue one remedy without simultaneously pursuing another remedy." *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1416 (2013). Here, once Braz received his right-to-sue notice from the EEOC, he was no longer pursuing another remedy. In addition, equitable tolling under state law requires "reasonable and good faith conduct on the part of the plaintiff." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008) (quotation marks and citation omitted). For the same reasons that Braz has not alleged an inability to file a timely complaint, he has also not alleged reasonable and good faith conduct.

Braz submitted with his opposition a letter from Andrew Meyer, who has "been providing psychotherapeutic treatment" to Braz. ECF No. 20 at 8. Meyer states that "Mr. Braz, for the record, was unable to file a Wrongful Termination suit against Delta in a timely fashion (deadline – March 2018) due to his very sensitive, unstable emotional condition, only finding the emotional strength and confidence to do so recently." *Id.* In addition to referencing an incorrect deadline to file Braz's claims, this letter is also unpersuasive because Meyer has treated Braz only "since February of 2017," two years after Braz's employment at Delta ended and well after the limitations period expired for the majority of Braz's claims. *Id.* Moreover, Meyer states that he has found Braz "to be highly responsible, insightful, intelligent, accountable, and motivated toward his treatment." *Id.* This undermines any assertion that Braz was so incapacitated that he was unable to file a lawsuit.

Braz also filed an unsolicited opposition to Delta's reply brief. ECF No. 24. Although Braz did not obtain leave to file this additional document, the Court nonetheless considers it given Braz's pro se status. In his supplemental opposition, Braz describes in more detail his alleged incapacity to file a timely complaint. For example, he states that he was unemployed for a long period of time and lost his car four months after he resigned from Delta. *Id.* at 3. He also describes how he and his domestic partner had a series of financial problems that, among other things, caused them to move six times. *Id.* He further describes "off and on" visits to the emergency room for "physical conditions (radiculopathy, fear, distress)" and his need for ongoing mental health treatment. *Id.* at 3-4. While these assertions add details to the allegations in the FAC, they do not demonstrate that "extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll*, 165 F.3d at 1242. These new allegations, for example, continue to fail to explain why Braz was able to file a timely EEOC charge but, beginning approximately two weeks later, was so incapacitated that he was unable to file a lawsuit for nearly three years.

The Court cannot consider Meyer's letter or the additional facts alleged in Braz's supplemental opposition in deciding whether to dismiss the complaint, but it may do so "in determining whether to grant leave to amend or to dismiss the complaint with or without

7

prejudice." *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). The additional assertions contained in these documents would not be sufficient to plead equitable tolling if they were included in the complaint, and Braz himself states, "I personally have given all facts in relation to why I couldn't file and complete a complaint." ECF No. 24 at 3. Thus, it appears unlikely that Braz can allege equitable tolling.[3] Nonetheless, the Court grants leave to amend given Braz's pro se status and because this is the first time he is on notice that his claims are untimely. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Failure to cure the deficiencies in a second amended complaint may result in dismissal with prejudice. *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (citation omitted)).

## CONCLUSION

Delta's motion to dismiss is granted. The Court does not reach Delta's arguments concerning exhaustion of administrative remedies or failure to plead plausible claims.

If Braz wishes to amend his complaint, he must file a second amended complaint within thirty calendar days of the date of this order. Leave to amend is granted only to allow Braz to attempt to plead equitable tolling. Braz may not add any new claims or defendants. If Braz does not file a timely second amended complaint, this case will be dismissed with prejudice.

The initial case management conference is continued from January 23, 2019, to April 3, 2019, at 2:00 p.m. Case management statements are due by March 27, 2019, at 5:00 p.m.

Braz may wish to seek the assistance of the Legal Help Center in deciding whether to amend his complaint and in proceeding with this litigation more generally. The Legal Help Center has two locations: 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, and 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided at both

---

[3] Braz's conclusory statements in his January 3, 2019 case management statement are likewise insufficient. ECF No. 25 at 8 ("I was incapacitated to even look for an attorney, during all this time I could never stay permanently in a job. I was and still [am] treating emotional and physical conditions.").

8

offices by appointment only.  Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center at either location, or by calling the Legal Help Center appointment line at (415) 782-8982.  Braz may also wish to consult the resources for pro se litigants on the Court's website, https://cand.uscourts.gov/pro-se.  These resources include the manual, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which can be downloaded at https://cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

**IT IS SO ORDERED.**

Dated:  January 15, 2019



JON S. TIGAR
United States District Judge