UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JORGE ROBERTO DUARTE BRAZ,

Plaintiff,

v.

DELTA AIR LINES, INC.,

Defendant.

Case No. 18-cv-06162-JST

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Re: ECF No. 32

Before the Court is Defendant Delta Air Lines, Inc.'s motion to dismiss the second amended complaint. ECF No. 32. The Court will grant the motion and dismiss this case with prejudice.

## I. BACKGROUND

Plaintiff Jorge Roberto Duarte Braz filed his original complaint against Delta, his former employer, on August 28, 2018. ECF No. 1-1 at 3. He subsequently filed an amended complaint, which Delta moved to dismiss. ECF Nos. 16, 18. The Court granted Delta's motion to dismiss after concluding that Braz's claims were untimely and that Braz failed to plead facts that would support equitable tolling. ECF No. 28 at 4-6. The Court granted Braz leave to amend "to attempt to plead equitable tolling." *Id.* at 8.

Braz filed a timely second amended complaint ("SAC"). ECF No. 31. The SAC alleges that Braz received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on June 6, 2015. *Id.* at 6; *see also id.* at 28-31 (EEOC right-to-sue letter dated June 4, 2015). As to equitable tolling, Braz alleges that he "was going through hardship," was undergoing treatment with doctors, had no health insurance until 2016, lost his apartment lease after becoming unemployed, and was having difficulty finding a new place to live with his partner. ECF No. 31 at

6-7. He further alleges that the EEOC told him that Delta would be contacting him, and that, for

two years, he updated Delta with his new address. *Id.* at 6. However, he alleges, he "never had a

return call from any of Delta Airlines Executives" until October 1, 2018, when Delta's attorney

contacted him about this lawsuit. *Id.* He alleges that, "[f]rom time to time," he sought legal

advice and met with four different attorneys, two of whom told him that "Delta Airlines was a

very powerful Company and my case would be very hard to their efforts to assisting with my

case." *Id.* at 7. He alleges that "Delta misled communication with me, in fact I really think, Delta

delayed any communication with me to gain time so I would unfairly exhaust the Statute of

Limitation." *Id.*

The SAC asserts the following claims: age discrimination; harassment/hostile work

environment based on age; sex discrimination; harassment/hostile work environment based on sex;

and retaliation.[1] *Id.* at 13-24. Delta moves to dismiss the SAC as time-barred. ECF No. 32. It

also reasserts the arguments the Court did not reach on its first motion to dismiss: that Braz failed

to exhaust administrative remedies as to discrimination, harassment, and retaliation claims based

on sex, and that all of Braz's claims should be dismissed because they do not satisfy federal

pleading standards.

Braz's opposition to Delta's motion raises no arguments as to either the timeliness of his

lawsuit or whether equitable tolling should apply. *See* ECF No. 33.[2] After Delta filed its reply

brief, Braz filed an unsolicited supplemental opposition that does discuss equitable tolling. ECF

No. 35. The Court need not consider this document filed in violation of Civil Local Rule 7-3(d),

but it will do so given Braz's pro se status.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a). Dismissal under Federal Rule of Civil

---

[1] The SAC is unclear as to whether Braz asserts these claims under federal law, state law, or both.
[2] On May 6, 2019, Braz filed a document entitled "Supporting Relief From Court" that, among
other things, makes allegations about the conduct of Delta's attorneys. The Court has reviewed
the document carefully and concludes that it adds nothing to the Court's analysis of the motion to
dismiss.

1  Procedure 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or

2  sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*,

3  521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations,

4  but facts pleaded by a plaintiff must be "enough to raise a right to relief above the speculative

5  level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a

6  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

7  plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

8  570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

9  court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

10  While this standard is not a probability requirement, "[w]here a complaint pleads facts that are

11  merely consistent with a defendant's liability, it stops short of the line between possibility and

12  plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted). In

13  determining whether a plaintiff has met this plausibility standard, a court must "accept all factual

14  allegations in the complaint as true and construe the pleadings in the light most favorable" to the

15  plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

16  Courts "construe pro se complaints liberally, especially in civil rights cases." *Litmon v.*

17  *Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014). "However, a liberal interpretation of a pro se civil

18  rights complaint may not supply essential elements of the claim that were not initially pled.

19  Vague and conclusory allegations of official participation in civil rights violations are not

20  sufficient to withstand a motion to dismiss." *Id.* (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th

21  Cir. 1992) (internal quotation marks and brackets omitted)).

22  **III.    DISCUSSION**

23  In its ruling on Delta's motion to dismiss the first amended complaint ("FAC"), the Court

24  concluded that Braz's claims were not timely under federal or state law. ECF No. 28 at 4-5.

25  Nothing alleged in the SAC changes that result. Indeed, the SAC alleges that Braz received a

26  right-to-sue notice from the EEOC on June 6, 2015. ECF No. 31 at 16. He did not file this action

27  until August 28, 2018 – well past the 90-day deadline to file a lawsuit under Title VII and the Age

28

3

1    Discrimination in Employment Act ("ADEA").[3]  ECF No. 1-1 at 6; 42 U.S.C. § 2000e-5(f)(1) (90

2    days under Title VII); 29 U.S.C. § 626(e) (same under ADEA).

3          The Court also previously concluded that the FAC was insufficient to plead equitable

4    tolling under both federal and state law:

5          "The ninety-day period within which to file a civil action after
          dismissal of the charge by the EEOC is a statute of limitations
6          subject to the doctrine of equitable tolling." *Nelmida v. Shelly
          Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997).  But equitable
7          tolling is "to be applied only sparingly, and courts have been
          generally unforgiving when a late filing is due to claimant's failure
8          to exercise due diligence in preserving his legal rights." *Id.*
          (citations, quotation marks, and alterations omitted).  "[T]he
9          Supreme Court has allowed equitable tolling when the statute of
          limitations was not complied with because of defective pleadings,
10         when a claimant was tricked by an adversary into letting a deadline
          expire, and when the EEOC's notice of the statutory period was
11         clearly inadequate." *Scholar v. Pac. Bell*, 963 F.2d 264, 267-68 (9th
          Cir. 1992).

12
          Braz alleges none of these circumstances.  Instead, the FAC contains
13         a conclusory allegation that Braz "was incapacitated emotionally,
          unemployed, going through treatment for Neck, Arms, Back and
14         Stomach condition," unrepresented by an attorney, and "in hardship
          to [make ends] meet." ECF No. 16 at 27-28.  Braz's pro se status
15         does not provide grounds for equitable tolling. *Payan*, 495 F.3d at
          1127.  Nor is the Court aware of any authority that financial
16         hardship, unemployment, or conclusory statements concerning
          medical treatment warrant equitable tolling, particularly over the
17         long period of time at issue in this case.  As to being "incapacitated
          emotionally," Braz has pleaded no facts "demonstrating the type of
18         utter incompetence that gives rise to incapacitation-based tolling."
          *Lacayo v. Donahoe*, No. 14-cv-04077-JSC, 2015 WL 993448, at
19         *12 (N.D. Cal. Mar. 4, 2015).  "The threshold for incapacitation . . .
          requires a showing that the plaintiff 'was completely psychiatrically
20         disabled during the relevant limitation period'" – i.e., that the
          plaintiff "was so mentally incompetent that [he or] she was unable to
21         comply with [his or] her legal rights." *Id.* (quoting *Stoll v. Runyon*,
          165 F.3d 1238, 1242 (9th Cir. 1999)).  Here, Braz has alleged that
22         he was able to file a timely charge with the EEOC several months
          after his employment at Delta ended. ECF No. 16 at 4.  He also
23         alleges that he was subsequently able to obtain employment with
          Swissport USA, Uber, and United Airlines. *Id.* at 26-27.  These
24         allegations do not support a conclusion that Braz was unable to file a
          timely complaint.

25

26

27    [3] The SAC does not refer specifically to any state law claims or the June 2, 2015 right-to-sue letter
      from the California Department of Fair Employment and Housing that Braz attached to the FAC.
28    ECF No. 16 at 33.  To the extent that Braz intended to assert state law claims in the SAC, those
      claims are untimely for the reasons explained in the Court's prior order. ECF No. 28 at 4-5.

4

> The parties' briefs only address equitable tolling under federal law. Under state law, "[e]quitable tolling allows a plaintiff who has a choice of legal remedies to pursue one remedy without simultaneously pursuing another remedy." *Acuna v. San Diego Gas & Elec. Co.*, 217 Cal. App. 4th 1402, 1416 (2013). Here, once Braz received his right-to-sue notice from the EEOC, he was no longer pursuing another remedy. In addition, equitable tolling under state law requires "reasonable and good faith conduct on the part of the plaintiff." *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 102 (2008) (quotation marks and citation omitted). For the same reasons that Braz has not alleged an inability to file a timely complaint, he has also not alleged reasonable and good faith conduct.

ECF No. 28 at 5-6. The Court further explained that Braz's assertions in his supplemental opposition brief to Delta's first motion to dismiss – regarding periods of unemployment, financial difficulties that forced him and his partner to move six times, and periodic medical and mental health treatment – would be insufficient to allege the sort of incapacity required for equitable tolling. *Id.* at 7. To the extent that the SAC repeats these and similar allegations, it is insufficient.

The SAC adds the allegation that Braz believes "Delta delayed any communication with me to gain time so I would unfairly exhaust the Statute of Limitation," and that an "EEOC Investigator told me Delta[] positively would contact me for some assistance." ECF No. 31 at 7. Braz similarly states in his supplemental opposition that he did not file a timely lawsuit because he "confidently waited for Delta Air Lines to contact me with some response for that matter; which Defendant never did. The EEOC Investigator Agent was very serious in saying Delta Air Lines would reply to me any time soon to a resolution on my claims." ECF No. 35 at 2. However, Braz alleges only that he tried to talk to Delta without success, and that Delta did not get in touch with him until after this lawsuit was filed. ECF No. 31 at 6-7. He does not allege that Delta attempted to mislead him in any way, or that anyone – including anyone at the EEOC – told him that he had more than the 90 days listed in his right-to-sue notice to file a lawsuit.

Braz's allegations are distinguishable from those in which courts have applied equitable tolling based on misconduct by an adversary. For example, in *Glus v. Brooklyn Eastern District Terminal*, the defendant allegedly told the plaintiff that he had seven years in which to file suit when, in fact, the statute of limitations was three years. 359 U.S. 231, 231-32 & n.9 (1959) (cited by *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), for the proposition that equitable

1    tolling has been allowed "where the complainant has been induced or tricked by his adversary's

2    misconduct into allowing the filing deadline to pass").  Failing to respond to inquiries "does not

3    rise to the level of affirmative misconduct" that gives rise to equitable tolling.  *Young-Hopkins v.*

4    *Alameda Cty.*, No. C 93-4002 TEH, 1994 WL 661080, at *1 (N.D. Cal. Nov. 7, 1994); *see also*

5    *Chappell v. Apple Computer Inc.*, No. 16-cv-03101-LHK, 2017 WL 264394, at *6 (N.D. Cal.

6    Jan. 20, 2017) (no equitable tolling where allegations and additional email documentation "show

7    only that Plaintiff believed that Defendant discriminated against him, that Plaintiff contacted

8    Defendant about this allegation, that Defendant investigated Plaintiff's allegations, and that

9    Plaintiff attempted to settle the matter with Defendant, who refused").  Even when viewed in a

10   light most favorable to Braz, the allegations in the SAC do not suggest that he was "induced or

11   tricked" into not filing a timely lawsuit.  *Irwin*, 498 U.S. at 96.  Moreover, even if Braz's

12   contention that someone at the EEOC told him that Delta would reply to him "soon" were

13   sufficient to justify some tolling of the 90-day deadline, nothing in the SAC or Braz's opposition

14   papers suggests that it would be reasonable for him to have waited over three years to file this

15   action.  ECF No. 35 at 2.

16        Finally, Braz alleges that he sought legal counsel by speaking with "about four" attorneys.

17   ECF No. 31 at 7.  This further "contradict[s] the argument that Plaintiff was so mentally

18   incompetent that [he] was unable to comply with [his] legal rights" by filing a timely complaint.

19   *Lacayo*, 2015 WL 993448, at *12; *see Young-Hopkins*, 1994 WL 661080, at *1 (declining to apply

20   equitable tolling where "Plaintiff had ample opportunity to inquire elsewhere as to the appropriate

21   procedure for pursuing her complaint, as, by her own account, she consulted with the American

22   Civil Liberties Union as early as March, 1991, and claims to have consulted 20 or more law

23   offices on this matter"); *see also* ECF No. 28 at 6 (noting that allegations in the FAC "that [Braz]

24   was able to file a timely charge with the EEOC several months after his employment at Delta

25   ended" and "that he was subsequently able to obtain employment with Swissport USA, Uber, and

26   United Airlines . . . do not support a conclusion that Braz was unable to file a timely complaint").

27        For all of the above reasons, the SAC fails to plead equitable tolling sufficiently.  The

28   Court previously put Braz on notice of this deficiency, and it appears that further leave to amend

6

1  would be futile.  ECF No. 28 at 5-8; ECF No. 24 at 3 (Braz's prior statement that, "I personally

2  have given all facts in relation to why I couldn't file and complete a complaint").  This case is

3  therefore dismissed with prejudice.  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir.

4  2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the

5  plaintiff has previously amended." (citation omitted)); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

6  (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se

7  litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to

8  dismissal of the action.").

9  ## CONCLUSION

10  Delta's motion to dismiss Braz's second amended complaint is granted, without leave to

11  amend.  The Clerk shall enter judgment and close the file.

12  **IT IS SO ORDERED.**

13  Dated:  May 9, 2019

14  _____
    JON S. TIGAR
15  United States District Judge